### SPARKS v. CITY OF NORTH TONAWANDA.

(Supreme Court, Trial Term, Niagara County.   October 12, 1907.)

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT.

>   In an action for personal injuries, where plaintiff, a young married woman 29 years old, in good health, about six months advanced in pregnancy, sustained injuries from which she suffered pain for twelve days, when she was delivered of twins, after which she was confined to her bed for two weeks, and to her room for six weeks more, and to the house for five months more, and the injuries interfered with her comfort and capacity to do housework, and she continued to have pain, and was under medical treatment up to the time of the trial, 16 months after the accident, and the results of her injuries would be permanent to some extent, and she would continue to suffer some pain and physical impairment, a verdict of $3,375 is not excessive.

>   [Ed. Note.—For cases in point, see Cent. Dig. vol. 15, Damages, §§ 357–396.]

Action by Anna Sparks against the city of North Tonawanda. Judgment for plaintiff.   On motion for new trial, motion denied.

Norman D. Fish, for plaintiff.

Lewis T. Payne, for defendant.

POUND, J.  Plaintiff, a young married woman, fell on a defective sidewalk on Oliver street, in the city of North Tonawanda, on the 14th

day of May, 1906. At the time of the accident she was 29 years of age, in good health, the mother of three children. The evidence tends to establish that, as a result of her fall, plaintiff sustained injuries, and that, as a result of such injuries, from the time of the accident she suffered pain for 12 days, when she was prematurely delivered of twin children, she being about six months advanced in pregnancy; that after such miscarriage she was confined to her bed for two weeks, then to her room for six weeks; that it was five or six months after that before she got out of the house; that she continued to have pain in her right side, and still continues to suffer pain and physical impairment which interfere with her comfort and her capacity to do housework; that she has been and is still under medical treatment for internal injuries resulting from the accident and the consequent miscarriage. The evidence of plaintiff's physicians justifies the conclusion that the results of her injuries will to some extent be permanent, and that she will continue for some time by reason thereof to suffer some pain and physical impairment. The jury had the opportunity to witness plaintiff's appearance as indicative of health or otherwise, and it tended to confirm the evidence of the plaintiff and her physicians.

I fail to discover any reason for holding that the verdict is excessive, and the motion for a new trial must therefore be denied.